HEARD NOVEMBER TERM, 1875.

## *Ex parte* MACKAY, *in re* BARRETT *vs.* COCHRAN.

To an action by the trustee of a deceased married woman, whose estate in the trust fund was absolute, to restrain a mortgagee of the land held in trust from selling it under a power of sale contained in the mortgage, the heir of the married woman is a proper and necessary party.

BEFORE COOKE, J., AT ABBEVILLE, MAY, 1875.

This was a petition entitled *Ex parte* John M. Mackay, Jr., *in re* William C. Barrett, trustee, against James N. Cochran. The case is as follows:

On the 7th day of April, 1869, James N. Cochran and his wife Celestia conveyed a tract of land in Abbeville County to William C. Barrett, trustee, his heirs and assigns forever, and on the same day Barrett, the trustee, gave to Cochran a bond and mortgage of the tract of land to secure the payment of the sum of $7,603, part of the purchase money. No trusts were declared in the deed of conveyance of Cochran and wife to Barrett, but the bond recited that it was given to secure the payment of $7,250, "to be paid by William C. Barrett, trustee of Mrs. Jane M. Mackay in the State of New Jersey." The mortgage contained an absolute power of sale in default of payment.

Mrs. Jane M. Mackay afterwards departed this life, leaving as her only heir her son John M. Mackay, Jr.,—her husband, John M. Mackay, the elder, being an alien.

The bond above mentioned being due and unpaid, James N. Cochran, under the power contained in the mortgage, advertised the tract of land for sale. Barrett, the trustee, then commenced an action against Cochran praying for an injunction to restrain the sale and for other relief.

On the 7th of July, 1874, a decretal order was made in the case of Barrett *vs.* Cochran for foreclosure and sale by the Sheriff of the mortgaged premises.

On March 30th, 1875, John M. Mackay, Jr., filed a petition entitled as above, setting forth the material facts, and praying that the Sheriff be enjoined from selling the mortgaged premises under the said decretal order, and that the petitioner be made a party defendant in the action of Barrett *vs.* Cochran, with leave to file an answer therein. A rule was then issued and served upon Cochran

requiring him to shew cause why the petitioner should not be made a party defendant in the said action and have leave to file an answer therein.

Cochran made a return to the rule, and thereupon, on the 19th day of May, 1875, His Honor the Circuit Judge made an order dismissing the petition and discharging the rule.

John M. Mackay, Jr., appealed from the order of the 19th of May, 1875, on the grounds:

1. That he, the petitioner, as the sole heir of his mother, was the owner of the legal and equitable fee in the mortgaged premises, and, as such, was a necessary party in the action of Barrett *vs.* Cochran.

2. Because Barrett, the trustee, had no power to give the mortgage mentioned in the pleadings.

*Runkle & Northrop* and *Maxwell,* for appellant.

*McGowan, Parker & Noble,* contra.

July 1, 1876.   The opinion of the Court was delivered by

WILLARD, A. J.   On the statements of fact set forth in the petition of J. M. Mackay, it is clear that he cannot succeed in setting aside the mortgage, or in having the portion of the purchase money that was paid, as alleged, out of the estate of his mother preferred in the payment over of the proceeds of the sale of the mortgaged property, as was done in *Mathews* vs. *Heyward,* (2 S. C., 239.)   In that case the trust existed prior to the purchase of the land, and the purchase itself was a breach of trust.   In this present case it does not appear that the funds with which the land was purchased were trust funds.   The allegation that the purchase was made with funds from the estate of Mrs. Mackay is not sufficient to support the proposition that the funds were trust funds.   It was competent at that time, both in New York and in this State, for Mrs. Mackay to hold a separate estate in her own right without the intervention of a trustee.   Nor is it alleged that the use of the funds for the purpose of the purchase was unauthorized, or that she ever refused to accept the benefits of the purchase.

The trust must be considered as created by the deed to Barrett, which must be construed together with the mortgage as contemporary acts.   The burden on the trust estate was, under this view,

created by the very act calling the trust into existence, and its imposition must be deemed consistent with the purposes of the trust.

But it is clear that the petitioner, Mackay, should have been made a party, as it appears that the *cestui que trust* was deceased, leaving him as her heir-at-law. The objects of the trust being fully accomplished at her decease, the trustee had only a nominal interest, while the petitioner had the substantial interest. (Code, Section 134.). The question of the sufficiency of his defense will properly come up by answer; the mere allegation that the petitioner was the real owner of the equity of redemption, belonging directly to the mortgagor, as such, entitles him to be made a party. It is equally important for the plaintiff that he should be made a party, as otherwise any equity of redemption that he may have would not be cut off and barred.

The order should be set aside and the petitioner be allowed to come in and answer. For further disposition, the case is remanded to the Circuit Court, leave being now here given to the said petitioner to file his answer to the said complaint within thirty days from the service, at the instance of the plaintiff, of a copy of this order on him or either of his attorneys.

*Moses*, C. J., and *Wright*, A. J., concurred.